Filed 9/25/24  P. v. Jauregui CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUANITA DELGADO JAUREGUI,<br><br>    Defendant and Appellant. | F086247<br><br>(Super. Ct. No. MF013816A)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Law Offices of Lawrence S. Strauss and Lawrence S. Strauss for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Detjen, Acting P. J., Franson, J. and Snauffer, J.

## INTRODUCTION

Appellant Juanita Delgado Jauregui appeals from a conviction for assault with a deadly weapon and inflicting corporal injury resulting in a traumatic condition. Appellant's sentence was suspended and appellant was placed on three years' formal probation with 120 days in custody. Appellant argues the trial court's verdicts are impermissibly inconsistent and must be reversed. We affirm.

## PROCEDURAL HISTORY

On November 7, 2022, the Kern County District Attorney filed an amended information charging appellant with assault with a deadly weapon, a car (Pen. Code § 245, subd. (a)(1);[1] count 1), corporal injury resulting in a traumatic condition upon the victim (§ 273.5, subd. (a); count 2) and misdemeanor child abuse (§ 273a, subd. (b); count 3). The information additionally alleged two circumstances in aggravation as to both counts 1 and 2—that the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421, subd. (a)(1)), and appellant was armed with or used a weapon at the time of the commission of the crime (Cal. Rules of Court, rule 4.421, subd. (a)(2)).

The same day, appellant waived her right to a jury trial and a court trial took place. The trial court found appellant guilty on counts 1 and 2, and not guilty on count 3. On April 17, 2023, the court sentenced appellant. The court denied appellant's motion for reconsideration and found true the circumstances in aggravation. The court suspended imposition of sentence on both counts, placed appellant on three years' probation with 120 days in custody on count 1, and the same concurrent sentence on count 2.

---

[1]    Undesignated references to code are to the Penal Code.

## STATEMENT OF FACTS

Appellant dated the victim, C.M., for four years, and they had a son together. On February 21, 2020, the son was six months old. C.M. had returned home from work and gotten into an argument with appellant. Appellant grabbed a broom and threatened to hit C.M.'s truck, to which C.M. responded that he was hungry and tired and just wanted to go eat. Appellant responded "if you go, you're going to see what's going to happen to your f[***]ing truck."

C.M. put his son in a car seat because appellant told him, if he wanted to eat, he can go alone and take his son with him. Ultimately, C.M. left the home without his son, got into his truck and drove away. As he was making a left-hand turn, he was hit with another car. The impact, which C.M. described as "tremendously ugly," flipped his truck over. C.M. was able to get out of his truck and saw the car that hit him was appellant's, and appellant was driving. C.M. removed appellant from her car, hugged her, and told her everything was going to be ok.

C.M.'s infant son was not in the truck because appellant had left him back at the home. C.M. suffered a broken rib and an impact to his head. California Highway Patrol Officer Alejandro Zuniga investigated the collision. Zuniga concluded that the right side of appellant's car, a white Toyota, came in contact with the left rear side of C.M.'s truck with "good force."

## DISCUSSION

### I.    The Trial Court's Verdict Was Not Impermissibly Inconsistent

Appellant argues the trial court could not have found insufficient evidence of misdemeanor child endangerment, unless the facts showed that appellant left the home first, and C.M. followed, leaving behind his son, and ultimately cutting appellant off and causing the accident. We find no error and affirm.

### A.  Background

In denying appellant's motion for reconsideration, the trial court ruled as follows.

3.

"The law is clear in this area the Court doesn't have, nor does any trier of fact, have to accept the whole—the testimony of any witness whole sale. They can select those facts with which they find the witness credible and disregard those facts which they do not find credible. In this particular case, however, the Court found both the victim and the investigating officer to be credible.

"The inconsistency of verdict is based upon an analysis that presumes that anyone leaving a child in a child seat and walking out of the house to go on some errand, in this particular case to track down a husband that she had an argument with, is inherently committing child abuse.

"This is a fun issue to talk about because there are different standards historically for child abuse, and there are different standards of— practically between rural and urban living and generational changes…. So in this case where if a mother chooses to leave a child in a child seat on I believe it was the table, I don't inherently find that child abuse at the time of the commission of the offense. As it subsequently turned out, that might very well be how it turned out, but I'm not going to look at how it played out at the time. I'm looking at it as it occurred, how an upset mom has to chase down a boyfriend or husband to determine exactly what the problem is.

"In this particular case, the evidence of the accident is un—is not controverted at all. Your client hit the victim from the side, and her car being lower than the pickup truck, which I believe was raised a little bit, simply got underneath it and levered it over as opposed to a blunt force that just blew the truck off of its path and pushed it onto its sides. With that and those comments, the motion is denied."

## B. Legal Standard And Analysis

Appellant argues that "inconsistent verdicts are against the law," citing *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668. Appellant is correct that inconsistent verdicts, where findings are contradictory on material issues, are against the law in *civil cases* and are grounds for a new trial. (*Id*. at p. 682.)

In criminal cases, "[i]t is well settled that, as a general rule, inherently inconsistent verdicts are allowed to stand. [Citations.] The United States Supreme Court has explained: '[A] criminal defendant … is afforded protection against jury irrationality or

4.

error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt. [Citations.] This review should be independent of the jury's determination that evidence on another count was insufficient.' " (*People v. Lewis* (2001) 25 Cal.4th 610, 656.) "An inconsistency may show no more than jury lenity, compromise, or mistake, none of which undermines the validity of a verdict." (*Ibid.*)

If the verdict in this case was inconsistent, such inconsistency would not be grounds for reversal. We find, however, the verdict is not inconsistent and is supported by substantial evidence.

On appeal, this court " 'must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt.' " (*People v. Johnson* (1980) 26 Cal.3d 557, 576.) We "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) "If the circumstances reasonably justify the fact finder's findings, a contrary finding reasonably reconciled with the circumstances does not warrant reversal of the judgment." (*In re L.K.* (2011) 199 Cal.App.4th 1438, 1446.) " 'Unless it is clearly shown that "on no hypothesis whatever is there sufficient substantial evidence to support the [jury's] verdict[s,]" we will not reverse. [Citation.]' " (*People v. Perez* (2008) 164 Cal.App.4th 1462, 1469.)

Section 273a, subdivision (b), governing misdemeanor child endangerment, states "[a]ny person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts

thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of that child to be injured, or willfully causes or permits that child to be placed in a situation where his or her person or health may be endangered, is guilty of a misdemeanor."

In *People v. Little* (2004) 115 Cal.App.4th 766, the defendant was convicted of child endangerment in violation of section 273a, subdivision (b), when officers conducting a search of the defendant's residence discovered an infant child, six months to one year old, laying unsecured on a three-foot tall bed with no railing or restraints. (*Id*. at p. 770.) Officers also found drugs and paraphernalia throughout the residence, which was filthy and smelled of animal feces. (*Ibid*.) The appellate court found both the infant's unsecured location on the bed and the condition of the residence constituted ample evidence the defendant willfully engaged in conduct that placed the child's person and health in danger. (*Id*. at p. 772.)

The evidence presented in this case showed the six-month-old infant was placed in a car seat and left inside appellant and C.M.'s home. It is reasonable for a trier of fact to conclude, as the trial court did, that such an act does not rise to the level of willfully causing or permitting a child to be placed in a situation where the child's person or health is endangered. There was no evidence presented that appellant intended the child to be left for an extended period of time, that the child was otherwise in an unsafe or unsecured condition, or that the residence was unsafe.

Appellant argues that based on the verdict, logic dictates she left the residence first, and C.M. followed, leaving the child alone. Because circumstances reasonably justify the trial court's factual findings, appellant's contrary hypothesis, even if reasonably reconciled with the circumstances, does not warrant reversal of the judgment. (*In re L.K.*, *supra*, 199 Cal.App.4th at p. 1446.)

## DISPOSITION

The judgment is affirmed.